IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CANDACE PILGRIM,
*o/b/o* C.B.C.                                                                                    PLAINTIFF

vs.                              Civil No. 2:25-cv-02020

FRANK BISIGNANO,                                                                           DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Candace Pilgrim ("Plaintiff") brings this action on behalf of C.B.C., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying C.B.C.'s application for child's supplemental security income (SSI) benefits under Title XVI of the Social Security Act (Act).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff's mother filed a childhood disability application on behalf of C.B.C. on May 13, 2022, alleging a disability beginning October 1, 2019. (Tr. 17).[1] The Social Security Administration denied Plaintiff's applications initially and on reconsideration. *Id.*

---

[1] References to the Transcript will be (Tr.___) and refer to the document filed at ECF No. 7. These references are to the page number of the transcript itself, not the ECF page number.

Plaintiff requested an administrative hearing on the denied application, and this request was granted. (Tr. 94-122). The ALJ held a hearing on October 12, 2023, and March 12, 2024. (Tr. 39-67). Following the hearings the ALJ issued an unfavorable decision. (Tr. 17-25).

In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since the application date of May 31, 2022. (Tr. 18, Finding 2). The ALJ found C.B.C. had the severe impairment of epilepsy. (Tr. 18, Finding 3). However, the ALJ further found C.B.C. did not have an impairment or combination of impairments that was medically or functionally equal to a listed impairment. (Tr. 18, Finding 4).

In assessing whether C.B.C.'s impairments were functionally equivalent to the Listings, the ALJ assessed six domains of functioning. (Tr. 19-25, Finding 5). Specifically, the ALJ determined C.B.C. had the following limitations in the six domains of functioning: (1) no limitation in acquiring and using information; (2) no limitation in attending and completing tasks; (3) no limitation in interacting and relating with others; (4) less than a marked limitation in moving about and manipulating objects; (5) no limitation in ability to care for himself; and (6) no limitation in health and physical well-being. *Id.* Based upon these findings, the ALJ determined C.B.C. had not been under a disability, as defined by the Act, since May 31, 2022. (Tr. 25, Finding 6).

Plaintiff requested a review of the ALJ's decision, which the Appeals Council denied on December 30, 2024. (Tr. 1-6). As a result, Plaintiff brought this action under 42 U.S.C. § 405(g), appealing the Commissioner's final decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir.  2000).

The regulations prescribe a three-step process for making the disability determination in child cases. First, the ALJ must determine whether the child has engaged in substantial gainful activity. *See* 20 C.F.R. § 416.924(b). Second, the ALJ must determine whether the child has a severe impairment or combination of impairments. *See* 20 C.F.R. § 416.924(c). Third, the ALJ must determine whether the severe impairment(s) meets, medically equals, or functionally equals a listed impairment. *See* 20 C.F.R. § 416.924(d). A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating to others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See* 20 C.F.R. § 416.926a(e). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete

activities. *Id.* An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *Id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *Id.*

**3.    Discussion:**

In Plaintiff's appeal brief, she argues (1) the ALJ failed to give deference to treatment and education records, (2) the ALJ failed to properly evaluate the Domains of Functioning, and (3) the ALJ erred in not finding Plaintiff met a Listing. ECF No. 12.

As noted above, the ALJ evaluated six domains of functioning to determine functional equivalence: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself, and (6) health and physical well-being. (Tr. 19-25). The ALJ properly determined C.B.C. had no limitation and at most less than marked limitations in the six functional domains and he did not equal or meet a listing. In determining C.B.C.'s limitations in the six domains, the ALJ discussed the child's medical records, teachers' assessments, and reports from his mother. After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's findings in this case.

The medical record fails to establish functional equivalence to a listing. In the year before the start of the relevant period, C.B.C. had some difficulty with medication side effects and stopped taking his medication. (Tr. 21, 530-531). The record shows he had a seizure, but his prescription was changed to Keppra. (Tr. 530). With follow up visits during the relevant time period while taking Keppra, Plaintiff was seizure free with no side effects. (Tr. 21, 404, 450, 478, 542, 566, 579, 709).

The ALJ also discussed the Plaintiff's mother's response to a Seizure Questionnaire. (Tr. 22-23). The hearing testimony of Plaintiff's mother conflicted with the medical evidence, including Plaintiff's own reports to his physicians, indicating his seizures were very well controlled with medication. (Tr. 22, 404, 450, 478, 542, 566, 579, 590, 709). Additionally, the Plaintiff's school records contradict the hearing testimony by showing most of his school absences were unexcused, excused, or school business and not medically excused. (Tr. 619-624).

The ALJ also properly found that C.B.C. did not meet a Listing 111.02 for epilepsy. To meet Listing 111.02(A), a claimant must experience the occurrence of "generalized tonic-clonic seizures . . . at least once a month for at least 3 consecutive months despite adherence to prescribed treatment." 20 C.F.R. Pt. 404, Subpt. P., App. 1 § 111.02(A). To meet Listing 111.02(B)'s requirements, a claimant must experience "dyscognitive seizures or absence seizures . . . at least once a week for at least 3 consecutive months despite adherence to prescribed treatment." 20 C.F.R. Pt. 404, Subpt. P., App. 1 § 111.02(B). "Generalized tonic-clonic seizures are characterized by loss of consciousness," whereas "dyscognitive seizures are characterized by alteration of consciousness without convulsions or loss of muscle control" and "absence seizures are . . . characterized by an alteration in consciousness, but are shorter than other generalized seizures . . . generally lasting for only a few seconds rather than minutes." 20 C.F.R. Pt. 404, Subpt. P., App. 1 §§ 111.00F1(a), (b), (c).

In his decision, the ALJ discussed at length C.B.C.'s medical evidence which did not support a finding that he met Listing 111.02. (Tr. 19-25). Furthermore, Plaintiff concedes in his briefing that C.B.C. may not meet the specific criteria needed for the Listing. (ECF No. 9, Pg. 10). Finally, Plaintiff failed to provide any support for C.B.C. meeting Listing 111.02.

After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's findings in this case. For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision.

4.      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **2nd day of December 2025**.

/s/*Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE